### PEOPLE *v.* WYNN.

(*Supreme Court, General Term, First Department.* December 29, 1890.)

GAMING—REGISTERING WAGERS.

At the trial of an indictment for keeping, exhibiting, and employing devices and apparatus for the purpose of recording and registering bets, and for recording and registering bets, prohibited by Pen. Code N. Y. § 351, a detective testified that, on entering two rooms, in the larger of which was a blackboard, he found one defendant, who asked him what he wished, and, being told that he wanted to put $5 on a horse named at a certain race-track, defendant said he would not bet, but would send the money to the track on payment of 25 cents commission; whereupon witness gave him $5.25, and he gave witness a ticket on which he had marked $5, and the name of the horse, and which contained an order to place that sum on the horse at said race-track. *Held*, not sufficient to sustain a conviction.

Appeal from court of general sessions, New York county.

Indictment against Thomas F. Wynn for misdemeanor. Defendant appeals from a judgment of conviction. Pen. Code N. Y. § 351, provides: "A person who keeps any room, * * * with books, apparatus, or paraphernalia, for the purpose of recording or registering bets or wagers, or of selling pools, and any person who records or registers bets or wagers, or sells pools upon the result of any trial or contest of skill, speed, or power of endurance, of man or beast, * * * or, being the owner, lessee, or occupant of any room, * * * therein keeps, exhibits, or employs any device or apparatus for the purpose of recording or registering such bets or wagers, or the selling of such pools, * * * is punishable by imprisonment for one year, or by fine not exceeding two thousand dollars, or both."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Howe & Hummell*, for appellant. *John R. Fellows*, Dist. Atty., (*McKenzie Semple*, of counsel,) for respondent.

VAN BRUNT, P. J. The indictment under which the defendant was convicted contained five counts. The first count charged him with keeping a room for the purpose of recording and registering bets and wagers, and selling pools upon the result of trials and contests of speed and power of endurance of beasts; the second charged him with being the occupant of a room for the same purpose; the third with keeping, exhibiting, and employing devices and apparatus for the purpose of recording and registering bets or wagers; the fourth with recording and registering bets and wagers; and the fifth with the crime of pool selling. Upon the termination of the case for the people, the counsel for the defendant moved the court to advise the jury to acquit

the defendant on each count of the indictment separately.  The court granted the motion as to the first, second, and fifth, and denied the same as to the third and fourth, counts.  After this decision of the court, the counsel for the prisoner asked the court to advise the jury to acquit the defendant upon the third count, which the court declined, and an exception was taken.  The same motion was made as to the fourth count, and the same declination and exception.  The jury rendered a general verdict of guilty, and from the judgment thereupon entered this appeal is taken.

The only evidence offered upon the part of the people was that of a police officer, who was a detective attached to the second precinct.  He testified that on the 17th of May he saw the defendant in a room at 5 Barclay street.  He described the premises as being situated in a basement, and consisting of a small room, into which you first entered, from which a door opened into a large room, with one large blackboard, and behind the counter was a great big long desk.  Upon entering the witness found three men there, one of whom was the defendant.  He followed the witness into the large room, and asked him what he wished.  The witness told him he wanted to put $5 on the horse Fordham, running at Gravesend.  The defendant told witness he would not bet him, but would take or send his money to the race-track on condition that he would pay 25 cents commission, and would put it there at the best odds he could get.  The witness then gave him $5.25, and the defendant gave him a ticket upon which he had marked, "$5, Fordham."  The following is the ticket:  "Please execute for me, on the race-track at Brooklyn, at the races to be held this day on the grounds of the Brooklyn Jockey Club, at Brooklyn, in the county of Kings, state of New York, and at no other place or time, the sum of $5 on Fordham; but do not, under any circumstances, accept odds in this race at the said race-track at a less price than ——. I desire it to be positively and distinctly understood, and for this reason only do I place in your charge my money, that you place my said money for me only on said horse above mentioned, and at no other place than on the grounds of the said Brooklyn Jockey Club during the progress of the races this day, and for this purpose I make you my common carrier.  For the expense incurred by you in so placing my said money on the said ground of said Brooklyn Jockey Club, I agree to pay the sum of 25 cents." The officer thereupon arrested the defendant, and took him to the station-house.  The people thereupon rested their case, and the motions hereinbefore mentioned were made. It was clearly error to submit to the jury any question as to the guilt of the defendant under the third count of the indictment.  There was not a particle of evidence which can be possibly twisted or tortured into an offense therein described.  The only evidence is that there was a blackboard on the wall.  What that blackboard was ever used for is not at all explained by the evidence, and there is no presumption of guilt.  It is true that the witness stated that the room was not fitted up as a school-room.  But blackboards may be innocently used for many other purposes and in many other places than school-houses.  There was not the slightest particle of evidence which would justify the submission of any question under the third count, and it was clearly error in the court to deny the request of the defendant as to this count of the indictment.  There does not seem either to be sufficient evidence to justify a conviction under the fourth count.  There was no such recording or registering of a wager as brought the defendant within the prohibition of the statute.  Although the detective sought to entrap the defendant into a violation of the law, there was a refusal so to do, or to enter into any contract or agreement which would be a violation of the law, or from which could be inferred an intention to violate the law.  The detective undoubtedly intended to get evidence to convict the defendant of a violation of the law, but the defendant seems to have been too wary to be caught by the chaff which the detective held out to tempt him.  If the action of the defendant is capable of

an innocent construction, he is entitled to receive the benefit of it, and, unless no other conclusion can be drawn than that of an intention to violate the law, the defendant is entitled to the presumption of innocence. We think, therefore, that the judgment appealed from should be reversed, and a new trial ordered, and the case remitted to the court of general sessions for further action. All concur.