Freedman, J.
Thea action is brought by plaintiff to restrain the defendant, as tenant under a lease from the plaintiff, from carrying on a certain business at the demised premises, Mo. 43 West Twenty-ninth street in the city of Mew York. In the complaint and in his accompanying affidavit the plaintiff avers that the lease runs from August 1, 1892, until May 1, 1895. The lease itself shows that it expires May 1, 1894. It is neither recorded nor acknowledged, and it contains no restriction whatever against the carrying on of any kind of business upon the demised premises. The business sought to be restrained is -alleged to be that of receiving money, and making, registering and recording bets or wagers upon horse races run at certain race tracks within the state of Mew York and elsewhere. There is no allegation in the complaint that the carrying on of the business complained of is injurious to the plaintiff or to the demised premises, and for all that appears the plaintiff may have been greatly benefited. So there being no covenant whatever in the lease restricting the use to be made of the premises, the plaintiff simply avers “ that at the time of the letting of said premises the said defendant agreed not to use the same for any business in violation of law,” and “ that the said business so conducted at the said premises is in violation of § 351 of the Penal Code of this state.”
Mow the defendant might have insisted that under well settled rules of law the plaintiff as landlord could not engraft upon the written lease an outside agreement, which, if it was made, may have been by parol, and, independently of that, he might have insisted that the complaint does not state facts sufficient to constitute a cause of action for equitable relief by injunction, in the first place for want of an allegation of damage, and in the second place because upon plaintiff’s own theory the plaintiff has *510 a remedy at law and especially under the criminal law of the state
The defendant, however, urges none of these considerations. On the contrary, he expressly admits that there was an outside agreement that the premises should not he used for any business in violation of law; and while he denies that he carried on, or carries on, an illegal business as averred in the complaint, he admits that during the racing season, as authorized by chapter 479 of the Laws of 1887, he conducted at the said premises the business of receiving money sought to be staked upon the result of the races according to certain schemes circumstantially described in the answer; that for a commission he agreed with the persons so depositing such money to transfer the same to the race tracks, there to he bet and wagered according to the scheme or schemes, selected; and that upon the result of each race bet or wagered upon, he paid to each person who had deposited money with him as aforesaid such sum of money as such person was entitled to-upon the result of the race according to the scheme selected. The defendant finally alleges that he intends to continue to carry on the said business, and that such business is a legal one.
Upon the record thus made by the pleadings and accompanying affidavits, this court has been called upon to determine the legality or illegality of the said business on a mere motion. A full and complete determination of this question involves the constitutionality of chapter 479 of the Laws of 1887, which provides that the Code provisions shall not apply to the grounds of incorporated racing associations during a certain time in each year, and which, according to defendant’s claim, justifies his business. The decisions of Brennan v. Brighton Beach Racing Association, 30 St. Rep., 406, and of People v. Wynn, 35 id., 487; affirmed, 128 N. Y., 599; 38 St. Rep., 1012, favor the contention of the defendant, provided he does, as he claims,'strictly a commission business ; but in neither case was the constitutional question passed upon. That question as now presented is a nice and complicated one, and a court of equity should not assume jurisdiction to determine it upon a mere motion, unless fully satisfied that all the necessary facts are before the court, and that the controversy between the parties is a real one, and of such a character as to-necessitate the interposition of the equitable powers of the court.
Owing to the insufficiency of the complaint, as already pointed out, the case does not call for the interposition of the equitable powers of the court. The accompanying affidavits cannot, and do not, enlarge the cause of action pleaded.
But independently of that consideration the record as a whole does not fully and fairly present all the facts which the court should be put in possession of, and a little reading between the lines suggests a doubt whether the controversy between the parties is of such a character that a court of equity should take cognizance of it. To be entitled to any relief the plaintiff must satisfy the court that the controversy is a real one and that he comes into court with clean hands. All these matters can be more satisfactorily ■ ascertained and determined at the trial of the issues, *511 where the parties may be orally examined and cross-examined. Such trial may be had in a very short time if the parties desire it.
For the present it is sufficient to say that in every aspect which can be properly taken, the case at bar is one in which the court will not interfere by injunction in advance of the trial.
For the reason stated the order should be reversed, with ten dollars costs and disbursements, and plaintiff’s motion for an injunction during the pendency of the action should be denied, with ten dollars costs.
Sedgwick, Oh. J., concurs.